**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Jeffrey Fischer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FISCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABILITY RECOVERY SERVICES, LLC,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); AND<br>2. THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, et seq;<br><br>JURY TRIAL DEMANDED |

///
///
///
///
///
///
///

## INTRODUCTION

1. Plaintiff JEFFREY FISCHER, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant ABILITY RECOVERY SERVICES, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in here took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the California Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

9. Because Defendant operates or does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person, who resides within this district in the County of Los Angeles, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing; and is purportedly a debtor as that term is defined by California Civil Code § 1788.2(h). Plaintiff is also a natural person purportedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a limited liability company organized under the laws of the State of Pennsylvania with a principal place of business located at 284 Main Street, Dupont, Pennsylvania 18641.

13. Defendant is a collection agency, a self-described debt collector, and person, who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a purported "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

17. At all times relevant, Plaintiff was a person residing in the State of California.

18. At all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to March 2024, Defendant claims that Plaintiff purportedly incurred a financial obligation to an original creditor. Plaintiff is uncertain if and does not concede that a debt is actually owed to the original creditor, Defendant, or its predecessor(s) in interest.

20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).

21. These alleged financial obligations which were the subject of Defendant's collection communications at issue in this matter were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged financial obligations which were the subject of Defendant's collection communications at issue in this matter were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

23. Sometime prior to March 2024, Defendant claims that Plaintiff purportedly fell behind in the payments claimed to be owed on the alleged debt.

24. Upon information and belief, sometime prior to or around March 2024, an original creditor, either directly or through intermediate transactions, assigned, placed or transferred an alleged debt to Defendant for purposes of collection.

25. Defendant regularly collects and/pr attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

27. Beginning in or around March 2024 Defendant began initiating collection calls to Plaintiff in attempts to collect upon an alleged debt.

28. Specifically, on March 18, 2024, Defendant called Plaintiff at approximately 5:00 a.m. from telephone number (888) 210-3331 in attempt to collect upon an alleged debt. Plaintiff subsequently spoke with Defendant and informed Plaintiff that he was not the person that Defendant requested to speak with regarding the alleged debt.

29. On March 25, 2024, Defendant called Plaintiff again at approximately 8:07 a.m. from telephone number (888) 210-3331 in attempt to collect upon an alleged debt.

30. On April 1, 2024, Defendant called Plaintiff again at approximately 8:00 a.m. from telephone number (888) 210-3331.

31. On April 8, 2024, Defendant called Plaintiff again at approximately 8:07 a.m. from telephone number (888) 210-3331 in attempt to collect upon an alleged debt.

32. Each of Defendant's calls to Plaintiff rang for a short period of time and disconnected, leaving Plaintiff with a missed call, prompting a call back from Plaintiff.

33. These communications to Plaintiff were each a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and constituted "debt collection" as that phrase is defined by Cal. Civ. Code 1788.2(b).

34. Through the above conduct, Defendant initiated telephonic communications to Plaintiff's cellular telephone at an inconvenient time before 8:00

a.m. or after 9:00 p.m. in violation of 15 U.S.C. § 1692c(a)(2). This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

35. Through the above conduct, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d, by continuing calls to Plaintiff despite Plaintiff informing Defendant that he was not the person that Defendant requested to speak with. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

36. Through the above conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

37. Because the above conduct violated the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17, Defendants' above-alleged conduct and/or omissions also violated Cal. Civ. Code § 1788.17.

38. As a result of Defendant's above-described unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered invasion of privacy and was disturbed by Defendant's debt collection communications, lost sleep and was aggravated as a result of Defendant's debt collection communications and conduct.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated consumers and their successors in interest (the "Class") with whom Defendant engaged in debt collection activities which are in violation of the FDCPA and/or the Rosenthal Act, as described in this Complaint. This action is properly maintained as a

Class Action.

40. Plaintiff seeks to represent and is a member of the Nationwide Class consisting of:

> All consumers in the United States with whom Defendant engaged in debt collection communications with before 8:00 a.m. and/or after 9:00 p.m. since one year prior to March 18, 2024.

41. Plaintiff also seeks to represent and is a member of the California Sub-Class consisting of:

> All residents of the State of California with whom Defendant engaged in debt collection communications with before 8:00 a.m. and/or after 9:00 p.m. since one year prior to March 18, 2024.

42. The Nationwide Class and the California Sub-Class collectively constitute "the Class."

43. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons with whom Defendant engaged in debt collection activities that violate specific provisions of the FDCPA and/or the California Rosenthal Act as discussed above.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Defendant violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act;

  c. Whether Plaintiff and the Class have been injured by the Defendant's

conduct;

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief, enjoining Defendant from continuing its illegal collection activities.

44. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

45. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

46. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

47. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

48. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, Defendant will continue to reap and retain the proceeds of their ill-gotten gains; and

49. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

//

//

//

## CAUSES OF ACTION

### Count I
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff and each member of the Class is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Count II
### Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788, et seq.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

55. As a result of each and every violation of the Rosenthal Act, Plaintiff and each member of the Class is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself individually and on behalf of all others similarly situated, demands judgment against Defendant as follows:

- Declaring that this action is properly maintainable as a Class Action;
- Certifying Plaintiff as Class Representative of the Class(es) defined herein or as certified by the Court;
- Appointing Plaintiff's counsel as Class Counsel;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act;
- Awarding Plaintiff and the Class injunctive relief;
- Awarding pre-judgment interest and/or post-judgment interest to the extent permitted by law;
- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and/or Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act; and
- Awarding Plaintiff and each member of the Class any such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

56. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: May 30, 2024                                  Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   *s/ Mona Amini*
      ABBAS KAZEROUNIAN, ESQ.
      DAVID J. MCGLOTHLIN, ESQ.
      MONA AMINI, ESQ.
      GUSTAVO PONCE, ESQ.

*Attorneys for Plaintiff*